```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
CEZARY GWIAZDOWSKI,

                        Petitioner,
    -against-
                                              MEMORANDUM AND ORDER
ANETTA GWIAZDOWSKA,                           14-CV-1482 (FB) (RER)

                        Respondent.
----------------------------------------------------x
```

*Appearances:*
| | |
|---|---|
| *For the Petitioner:* | *For the Respondent:* |
| ANDRZEJ GASAK | KAMELIA KATRINA POPPE |
| Law Office of Andrzej Gasak | Law Firm of Shaw & Associates |
| 40 Brookdale Rd | 450 Seventh Avenue, Suite 2307 |
| Bloomfield, NJ 07003 | New York, NY 10123 |

**BLOCK, Senior District Judge:**

On February 11, 2014, petitioner Cezary Gwiazdowski ("Cezary") brought this action against Anetta Gwiazdowska ("Anetta") seeking the return of their two children to Poland pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11, 670, 1343 U.N.T.S. 89, *reprinted in* 51 Fed. Reg. 10494 (Mar. 26, 1986), as implemented in the United States by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001–11. On August 16, 2014, Anetta moved to stay the proceedings under

the *Colorado River*[1] doctrine because Cezary and Anetta were engaged in ongoing custody proceedings in Queens County Family Court ("Family Court").

On February 19, 2015, the Court held oral argument on Anetta's motion. During the hearing, the parties informed the Court that on December 17, 2014, the Family Court entered a final order awarding legal and physical custody of the children to Anetta ("Family Court Order").[2] Since *Colorado River* abstention only applies to pending proceedings, not concluded ones, the Court will construe Anetta's motion as a motion to dismiss based on the preclusive effect of the Family Court Order. For the reasons that follow, her motion is denied

## I.

Under ICARA, United States courts must give full faith and credit "to the judgment of any other . . . court ordering or denying the return of a child, pursuant to the Convention, in an action brought under this chapter." 22 U.S.C. § 9003(g); *see also Holder v. Holder*, 305 F.3d 854, 864 (9th Cir. 2002) ("[F]ederal courts adjudicating Hague Convention petitions must accord full faith and credit only to the judgments of those state or federal courts that actually adjudicated a Hague Convention claim in accordance with the dictates of the Convention and ICARA.").

---

[1] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

[2] A copy of the order is attached hereto as Exhibit A.

2

Here, the Family Court Order does not have *res judicata* effect in this lawsuit because there was no Hague Convention claim before the court.³ In their custody petitions, neither Anetta nor Cezary requested that the Family Court adjudicate their rights under the Hague Convention; rather, the parties sought only a custody determination under New York law. *See* Compl., Ex. A (Anetta's Custody Petition), at 3 ("[Anetta] requests an order awarding custody of the child to the Petitioner . . ."); Decl. of Anetta Gwiazdowski, Ex. B (Cezary's Custody Petition), at 3 ("[Cezary] requests an order awarding custody of the child named herein . . ."); Exhibit A at 1 ("The court has before it a custody petition filed by the Mother, Anetta Gwiazdowska . . .").

Since no Hague Convention claim was before the Family Court, the Family Court Order cannot constitute an adjudication under the Hague Convention. Accordingly, the Family Court Order does not preclude Cezary from bringing this Hague Convention petition.⁴

---

³At oral argument, Anetta contended that she did raise a Hague Convention claim before the Family Court. However, she has submitted no evidence to substantiate this assertion, though the Court granted her additional time to do so. Accordingly, the Court bases its review solely upon the Family Court filings provided by the parties.

⁴It is unclear what effect the Family Court's custody determination would have if this Court orders the return of the children to Poland. Indeed, it is unclear whether the Family Court had authority to enter a custody order, since it was notified by the Department of State that it must refrain from making a custody

3

## II.

For the foregoing reasons, Anetta's motion to dismiss is denied. The Court hereby schedules a hearing on Cezary's petition on March 26, 2015, at 11:00 a.m.

**SO ORDERED.**

/s/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 5, 2015

---

determination pending resolution of the Hague Convention claim. *See* Letter re: Motion Hearing, Ex. A (June 20, 2014 Letter to Family Court), Docket Entry No. 18-1 (Feb. 27, 2015); *see also* Hague Convention, Article 16 ("After receiving notice of a wrongful removal or retention . . . , the judicial or administrative authorities of the Contracting State to which the child has been removed or in which it has been retained *shall not decide on the merits of rights of custody . . .*"). In the interests of preserving the status quo, the Court will defer decision on whether the Family Court Order should be vacated until after the Court has adjudicated Cezary's Hague Convention petition. Should the Court order the return of the children to Poland, the Court will request supplementary briefing on the question of whether the Court should vacate the Family Court Order.

# Exhibit A

*Matter of Anetta Gwiazdowska v. Cezary Gwiazdowski*, Docket No. V-25344-5-13 (N.Y. Fam. Ct. Queens Cty. Dec. 17, 2014)

At a term of the Family Court
of New York, County of Queens, at
151-20 Jamaica Avenue, Jamaica, NY
11432 on December 17, 2014.

PRESENT:
HON. ANNE-MARIE JOLLY, JFC

---

In the Matter

Anetta Gwiazdowska,

      Petitioner,

-against-

Cezary Gwiazdowski

      Respondent

File # 122066
Docket No. V-25344-5-13

**Final Order of Custody after Inquest**

Part 16

---

**PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE CHILD'S ATTORNEY UPON THE APPELLANT, WHICHEVER IS EARLIEST.**

    The Court having searched the statewide registry of orders of protection, the sex offender registry and the Family Court's child protective records, and having notified the following parties of the results of these searches;

    The court has before it a custody petition filed by the Mother, Anetta Gwiazdowska, of the two subject children █████████████████████████████ and █ ████████████████████████.

    The father, Cezary Gwiazdowski, having been served and having failed to appear and the court having conducted an inquest, the court makes the following findings of fact based on the credible testimony of the petitioner Anetta Gwiazdowska and her mother Lena Majewski, as well as documentary evidence in the form of photographs (petitioner exhibits 1a, 1b, and 1c), Custody Petition filed by petitioner (Petitioners exhibit #2), and a Visitation Summary Report (Attorney for Children's Exhibit A). The Court also took Judicial Notice of this Courts Fact Finding Decision issued under Docket number O-14819/12 issued on January 28, 2014. The court also incorporated the extensive testimony presented under that same matter.

    The Court is aware that a Hague Convention Action was commenced by the respondent father in this case. However, the Court has been informed by both counsel that the Hague Action stands adjourned to May 2015, with no further information regarding that matter at this time. In this case, New York is the children's home state, in that the children resided in New York with their mother since 2011, clearly longer than the requisite six consecutive months immediately preceding the commencement of the instant custody petition (See, DRL section 75-a). Moreover,

this Court concludes that New York is the children's country of habitual residence in that the testimony reflects that the children's continued residence in New York and actions taken herein evince that the children have been and continue to be settled here in New York since 2011. Therefore, having found that New York is not only the children's home state but also the Children's country of habitual residence, the Court does have the authority to make a custody determination in this case, and determine which custodial arrangement will be in the children's best interest.

The parties were married in 2003 and resided together until April 2011. With the assistance of the maternal grandmother, the petitioner mother, Anetta Gwiazdowska, has been the sole caretaker of the children since 2011. Prior to April 2011, the children were in the care of both the petitioner and the respondent, with the petitioner Anetta Gwiazdowska having primary care & responsibility of the children. The mother has provided for all of the children's needs including the children's medical, educational and financial needs. The children are doing well in the mother's care. The father has consistently provided monthly financial support for the children. The Court also considers that the respondent Father, Cezary Gwiazdowski., previously conveyed his desire to convert his Custody application on V-7405-6/12 to a request for Visitation with his children.[1]

Based on the foregoing findings, the court finds that it is in the children's best interest to grant the petitioner mother, Anetta Gwiazdowska, a final order of sole legal and physical custody of the children: ▬▬▬▬▬▬▬▬▬▬ and ▬▬▬▬▬▬▬▬▬▬ and it is hereby ORDERED that the mother, Anetta Gwiazdowska, shall have a FINAL ORDER OF SOLE LEGAL AND PHYSICAL CUSTODY of the children.

Based on the foregoing findings, the court finds that it is in the children's best interest to direct the petitioner Mother to enroll the children into appropriate counseling and therapeutic services to address their resistance to visitation with their father. The Father's contact information is to be provided by the mother to the therapist/counselor and the Father is to be provided with contact information for the children's therapist/counselor, so that the Father can make himself available to the therapist. The Mother must provide the contact information of the therapist to the Father. The Father must communicate with the children's therapist.

Based on the foregoing findings, the court finds that it is in the children's best interest to grant the respondent father, Cezary Gwiazdowski, unsupervised access and time with the subject children as follows: The Father is to have the children in his care during five days during the Winter (February school break); five days during the April (Easter) break ; the last week of July (Sunday to Sunday). Exact dates, times and places for the exchange of the children to be arranged between the parents. Further, If the Father is in the United States, he is to have the children in his care on Fathers Day from 10 AM until 8 PM. Exact place of exchange to be arranged between the parents. The Father's travel with the children is contingent upon the Father providing the Mother with at least 14 days notice of such plans which are to include the full itinerary and contact number. Upon the consent of the Mother, the Father may travel with children within New York State, and to any of the following states: New Jersey, Pennsylvanica and Connecticut. Such travel is contingent upon the Father providing written notice to the Mother (at least 14 days prior to such travel) of the full itinerary and contact information during scheduled access time. The

---

[1] On December 17, 2014, the Court granted the petitioner mother atttorney's application to dismiss the father, Cezary Gwiazdowski's, custody petition, filed under docket V-007405-6/12, due to the father's failure to appear in Court on the date that case was scheduled for Fact Finding.

Mother is to retain the Children's passports and related items during the time the Children are with their Father. The Father is to have continued Skype communication with the Children three times weekly at 6:00 PM. Exact Days for Skype communication to be arranged between the parents.

The Court further Orders:

Absent notice (at least 30 days) to the Father, the Mother must not move and relocate the children from their current residence.

The Father must not remove the children outside and beyond the United States absent a State or Federal Order authorizing such removal.

A copy of this Order is to be filed with the U.S. Department of State.

The Children's passports are to remain in the possession of the Mother. The Mother is authorized to renew and reapply for passports for the children, without the permission of the Father, Cezary Gwiazdowski.

The parties may expand and/or modify the Father's access to the children upon their mutual consent.

The parties may communicate via text or email regarding the general welfare of the children as well as to address parenting time and visitation schedules.

This constitutes the Decision and Order of this Court.

So Ordered

ENTER:

_____
ANNE-MARIE JOLLY, JFC